MAE SCOWCROFT, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF NEW JERSEY AND BOARD OF CHOSEN FREEHOLDERS OF PASSAIC COUNTY, RESPONDENTS.

Submitted October term, 1934—Decided March 27, 1935.

Before Justices HEHER and PERSKIE.

For the prosecutor, *Randal B. Lewis.*

For the respondents, *David T. Wilentz,* attorney-general, and *Harry L. Schoen.*

The opinion of the court was delivered by

HEHER, J. The board of chosen freeholders of the county of Passaic, by resolution adopted on May 2d, 1934, abolished the "position of clerk to the jury commission," of that county, then held by prosecutor. The civil service commission, on appeal, sustained this action. A review by *certiorari* is sought.

Reasons of economy were asserted in justification of the challenged action. But prosecutor insists that the action is tainted with bad faith, and alleges that the service rendered by her was indispensable; that the jury commission had no other employe; and that one Furlong was employed, shortly after the taking of the action in question, to render the services theretofore performed by her. She claims the protection of the Civil Service act (3 *Comp. Stat.* 1910, *p.* 3795, § 57 *et seq.; Cum. Supp. Comp. Stat.* 1924, § 144-59a *et seq.; Cum. Supp. Comp. Stat.* 1930, § 144-59t *et seq.; N. J. Stat. Serv.* 1932, § 144-68 *et seq.; N. J. Stat. Serv.* 1933, § 144-74), but in vain.

On May 23d, 1919, she was appointed from a civil service eligible list, as a clerk to the jury commission. She retained this position, without further appointment, until the adoption of the resolution now under attack. Chapter 316 of the laws of 1927 (*Pamph. L.* 1927, *p.* 592), as amended by chapter 124 of the laws of 1929 (*Pamph. L.* 1929, *p.* 213; *Cum. Supp. Comp. Stat.* 1930, § 104-52), empowered the board of chosen freeholders to "select a clerk to the commissioners of juries and to fix the compensation of said clerk," who "shall hold office for a period of three years from the time of his selection;"

and to "appoint all necessary clerks and stenographers" in the commissioner's office. Like provisions are contained in the amendment of 1934 to the act concerning juries, vesting in the presiding justice of the Supreme Court the power of appointing the jury commissioner. *Pamph. L.* 1934, *ch.* 111, *p.* 304; *N. J. Stat. Serv.* 1934, §§ 104-49 to 104-51, 104-53.

It is clear that prosecutor, at the time of the adoption of the resolution at issue, was exercising the functions of the statutory office of clerk to the jury commission. At the time of the adoption of the act of 1927, *supra,* she was, it would seem, the holder of a mere clerical position within the classified civil service. Although not appointed to the office in question, she apparently performed the functions thereof until her removal by virtue of the resolution under attack. She was then, and for sometime prior thereto had been, the only employe of the jury commission. It may well be that, in such circumstances, her status was that of a mere *de facto* holder of the statutory office; if so, she has no standing to challenge the resolution. But if, as contended, she were then the holder of a subordinate clerical position, within the classified civil service, by virtue of her original appointment, the board was clearly within its rights in abolishing it. In fact, as the service of but one employe was required, it was the board's prerogative, if not indeed its duty, to fill the office created by statute. While Furlong was designated by the jury commission as secretary of that body, it was with the approval of the board of freeholders, formally expressed. He is unquestionably exercising the powers of the statutory office of clerk to the commission. That body has no other clerk or employe. Neither the regularity of his appointment, nor his present status, is before us on this application. It results that prosecutor is not entitled to a *certiorari.*

Motion denied, but without costs.